BEFORE THE SECOND DIVISION, OCTOBER 3, 1950

**No. 54720.**—Fritz Fernstrom v. United States, protest 144170–K (Los Angeles).

FORD, Judge: The suit listed above involves the proper classification of certain imported merchandise which was classified by the collector as "articles in part of fringe" and duty was levied thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. In this suit, plaintiff makes various claims for lower rates of duty, but the only claim relied on is that the merchandise is properly dutiable at only 40 per centum ad valorem under paragraph 1021 of the Tariff Act of 1930, as "all other floor coverings."

When the case was called for a hearing counsel for the plaintiff limited the claim to the merchandise described as "Cattle-hair Carpet." Counsel for the respective parties then agreed:

\* \* \* that that article is a rug or floor covering; that it is composed of cattle-hair; that it is made of cattle-hair; and that it does have a fringe, also made of cattle-hair. \* \* \* that the rug is made of cattle-hair, woven, and that the fringe on the rug was constructed at the time the rug was made by the omission of the weft threads and the prolongation of the warp.

In view of its clarity, conciseness, and the aid which it renders the court, we quote in full the statement of the collector of his classification of the merchandise as follows:

The merchandise subject of this protest was assessed with duty at the rate of

90 per centum ad valorem as "articles in part of fringe" under paragraph 1529 (a) of the Tariff Act of 1930.

Our decision of this case requires a determination of the questions of whether or not this rug is, in fact, composed of yarns, threads, or filaments, and also whether it is in part of fringe, within the contemplation of said paragraph 1529 (a), *supra*.

In view of the fact that counsel have agreed that the "rug is made of cattle-hair, woven," it would appear that the rug is made of yarns, threads, or filaments. In *United States* v. *Veit, Son & Co.*, 8 Ct. Cust. Appls. 290, T. D. 37540, our appellate court held as follows:

According to these definitions the associated terms "yarns, threads, or filaments" would ordinarily apply to such materials only as may be used in the generally known processes of knitting, weaving, or sewing.

Since it has been agreed that the involved rug was woven, and in view of the definition of yarns, threads, or filaments, in the *Veit* case, *supra*, we hold the rug in question to be in chief value of yarns, threads, or filaments.

In *Alfred Kohlberg, Inc.* v. *United States*, 27 C. C. P. A. (Customs) 354, C. A. D. 111, our appellate court, in holding that the preexistence rule announced in *United States* v. *Macy & Co.*, 7 Ct. Cust. Appls. 8, T. D. 36256, was not applicable to the provisions of paragraph 1529 (a), *supra*, employed the following language:

* * * It is our view that Congress never intended that the provision "articles * * * in part thereof" should be given such an interpretation as to make it subject to the application of the said principle of a preexisting component material, and the language of the provision, we think, clearly implies that a thing may be a part of the article referred to even though the part was produced in connection with the production of the article itself. * * *

Applying the principle announced in the *Kohlberg* case, *supra*, to the rug and the fringe in this case, we hold that the involved merchandise is a rug in part of fringe, even though the fringe on the rug was constructed at the time the rug was made by the omission of the weft threads and the prolongation of the warp threads.

From the foregoing, it is clear that the classification made by the collector of the instant merchandise was correct, and all claims of the plaintiff are accordingly overruled. Judgment will be rendered accordingly.